MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　　Plaintiff,<br>v.<br>Ivory Crow,<br>　　　　　　Defendant/Movant. | No.  CV 16-02819-PHX-RJB<br>　　　CR 11-00285-PHX-RJB<br>**ORDER** |

On August 22, 2016, Movant Ivory Crow, who is confined in the Federal Correctional Institution-La Tuna in Anthony, Texas, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] On September 6, 2016, Movant filed an Amended § 2255 Motion (Doc. 4). The Court will deny the Amended § 2255 Motion with leave to amend.

**I.    Amended § 2255 - Failure to Use the Court-Approved Form**

An amended motion supersedes an original motion. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

---

[1] The Court notes that Movant filed two prior § 2255 motions. The current § 2255 Motion is not considered a second or successive petition, however, because both motions were dismissed without prejudice and without an adjudication on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (habeas petition which is filed after a prior habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a second or successive petition). The first motion, filed in CV 11-01914-PHX-ROS, was dismissed as premature because Movant had not been sentenced when he filed it. The second, filed in CV 13-02603-PHX-RJB (DKD), was dismissed because Movant had an appeal pending in the Ninth Circuit Court of Appeals.

JDDL

1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original motion as nonexistent.  *Ferdik*, 963 F.2d at 1262.

The Rules Governing Section 2255 Proceedings for the United States District Courts  allow the Court, by local rule, to prescribe a form to be used for filing a § 2255 motion.  *See* Rule 2(c), Rules Governing Section 2255 Proceedings, foll. 28 U.S.C. § 2255.  Under this Court's local rule, Movant must use the court-approved form when filing a pro se motion pursuant to 28 U.S.C. § 2255.  *See* LRCiv 3.5(a).  Movant did not use the court-approved form when filing his Amended § 2255 Motion.

The Court may, in its discretion, forgo the requirement that a movant use a court-approved form.  *See* LRCiv 3.5(a).  The Court will require use of the court-approved form because Movant's Amended § 2255 Motion does not substantially comply with the court-approved form.  Therefore, the Amended § 2255 Motion will be denied with leave to file a second amended motion within 30 days.

**II.    Leave to Amend**

Within 30 days, Movant may submit a second amended motion on the court-approved form.  The Clerk of Court will mail Movant a court-approved form to use for filing an amended motion.  Movant must submit the second amended motion on the court-approved form and sign it under penalty of perjury.  If Movant fails to file a second amended motion within 30 days from the date of filing of this Order, the Court will dismiss this § 2255 action without further notice to Movant.  If Movant fails to use the court-approved form, the Court may strike the second amended motion and dismiss this § 2255 action without further notice to Movant.

Movant must clearly designate on the face of the document that it is a "Second Amended Motion."  The second amended motion must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Motion or Amended § 2255 Motion by reference.  Movant must describe each ground for relief and the facts supporting each ground.

. . . .

JDDL

1  A second amended motion supersedes the original Motion and the Amended § 2255 Motion.  *See Ferdik*, 963 F.2d at 1262; *Hal Roach Studios*, 896 F.2d at 1546. After amendment, the Court will treat the original Motion and Amended § 2255 Motion as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any ground for relief that was raised in the original Motion or the Amended § 2255 Motion and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended motion.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**III.   Warnings**

**A.   Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Movant must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this § 2255 action.

**B.   Copies**

Movant must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply with this requirement may result in the filing being stricken without further notice to Movant.

**C.   Possible Dismissal**

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this § 2255 action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Movant's Amended § 2255 Motion (Doc. 4 in CV 16-02819-PHX-RJB) is **denied with leave to amend**.  Movant has **30 days** from the date of filing of this Order to file a second amended motion in compliance with this Order.

(2)   If Movant fails to file a second amended motion within 30 days, the Clerk of Court must, without further notice, terminate Document 317 in CR 11-00285-PHX-

1 RJB and enter a judgment of dismissal of the civil action opened in connection with this
2 § 2255 action (CV 16-02819-PHX-RJB), without prejudice.
3   (3)   The Clerk of Court must mail Movant a court-approved form for filing a
4 Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (28
5 U.S.C. § 2255).
6   Dated this 21st day of September, 2016.

*[signature]*

ROBERT J. BRYAN
United States District Judge