# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivory Crow,<br><br>          Petitioner,<br><br>v.<br><br>United States of America,<br><br>          Respondent. | No. CV-16-2819-PHX-RJB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROBERT J. BRYAN, UNITED STATES DISTRICT JUDGE:

Petitioner Ivory Crow filed a Second Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion") (Doc. 8). The United States argues that he is not entitled to relief under any of the grounds raised in this motion. (Doc. 10) As explained below, the Court agrees and recommends that his Section 2255 Motion be denied.

## BACKGROUND

<u>The Ohio Case.</u> At some point before October 2009, Crow was charged with conspiracy to distribute and to possess with intent to distribute marijuana in the Northern District of Ohio ("Ohio Case"). In October 2009, Crow signed his agreement to the terms of a proffer letter written by the U.S. Attorney's Office in the Northern District of Ohio. (2:11-cr-285-RJB ("CR") Doc. 89-1 at 2-3)

In December 2009, Crow entered into a plea agreement for the Ohio Case with the U.S. Attorney's Office in the Northern District of Ohio. (CR Doc. 89-1 at 5-20) That

same day, the Court in the Northern District of Ohio conducted a change of plea hearing in the Ohio Case. (Doc. 10, Ex. 1) During that hearing, the Court reviewed the plea agreement's cooperation requirement and Crow stated that he understood. (*Id*. at 16-18) Later, Crow's counsel reiterated that Crow understood his obligation to cooperate and the Government informed the Court that Crow had provided information about an identity theft case in Arizona. (*Id*. at 31-33)

In January 2010, Crow traveled to Arizona and spoke with law enforcement about an investigation unrelated to the Ohio Case. (CR Doc. 89-1 at 34) In March 2010, Crow was sentenced in the Ohio Case. (Doc. 10, Ex. 2) The United States and Crow's counsel both moved for downward departures based in part on his cooperation. (*Id*. at 5-7) The Court granted those downward departures and sentenced Crow to 57 months to be served concurrently to a state court sentence. (*Id.* at 26)

In February 2011, Crow was indicted in the District of Arizona for 48 counts of theft of government funds and 48 counts of bank fraud ("Arizona Case"). (CR Doc. 1) In July 2012, Crow moved to suppress any statements he made during the free talks he gave after he signed the plea agreement in the Ohio Case. (CR Doc. 87) The Court granted his motion. (CR Doc. 132)

In February 2013, a superseding indictment was returned against Crow. (CR Doc. 139) In May 2013, the government filed a *Kastigar* memorandum detailing how it had obtained and discovered the evidence against Crow independently from Crow's January 2010 statement. (CR Doc. 165) In response, Crow's "counsel agree[d] with the government that most of its investigation and evidence was derived independently of any statements given by Mr. Crow on January 7, 2010." (CR Doc. 170 at 1: 22-25) The Court vacated the *Kastigar* hearing and the Arizona Case proceeded to a jury trial in August 2014. (CR Docs. 173, 207)

On the second day of trial, Crow informed the Court of his intention to enter a plea of guilty to the charges. (CR Doc. 224 at 2) His plea did not involve a plea agreement. (*Id*. at 5, 29) The Court conducted a plea colloquy, accepted his plea, and subsequently

sentenced him. (CR Doc. 224 at 35, CR Doc. 271) During the sentencing hearing, Crow's counsel informed the Court that Crow was currently serving a sentence that was going to "expire on November 30, 2013." (CR Doc. 271 at 57:23-24) The Court sentenced Crow to eight years to run consecutively to the prison term he was then serving, to be followed by a five year term of supervised release. (CR Doc. 271 at 65-66, 69)

In his direct appeal, Crow argued that he had received transactional, not use, immunity in the Ohio Case and this immunity should have applied to the Arizona Case. (Doc. 10-3 at 34-58) In a June 9, 2016 Memorandum, the Ninth Circuit Court of Appeals found that Crow was not entitled to transactional immunity and affirmed his sentence in the Arizona Case. (CR Doc. 316)

Crow timely initiated Section 2255 proceedings and the government timely responded. (Docs. 8, 10) Crow replied and subsequently amended his reply. (Docs. 11, 12) He also moved for summary judgment. (Docs. 13, 14)

**DISCUSSION**

In his Section 2255 Motion, Crow argues that the District of Arizona breached his transactional immunity by prosecuting him in the Arizona Case (Ground 4) and so the government breached his immunity contract (Ground 3) and he was subjected to double jeopardy (Ground 1). Finally, he argues that his trial counsel "misled" the Court about his sentencing (Ground 2). (Doc. 8 at 5-8) In response, the United States argues that Crow is barred from raising his immunity claims and argues that his ineffective assistance of counsel claim fails on the merits. (Doc. 8)

<u>Immunity/Double Jeopardy Claims</u>. On direct appeal, Crow argued that he reasonably believed he would receive transactional immunity and, therefore, the sentences stemming from his Arizona Conviction should be vacated. (Doc. 10-3) The Ninth Circuit reviewed this argument and disagreed. (CR Doc. 316)

The United States argues that three of Crow's claims–Grounds 1, 3, and 4–are predicated on an argument that Crow was entitled to transactional immunity and, as a

result, this Court cannot review these claims because the Ninth Circuit already ruled on this argument. (Doc. 10 at 8-10) Alternatively, the United States argues that, if these are new claims, they should have been raised on direct appeal and, because they were not, they are now subject to an implied procedural default without excuse. (Doc. 10 at 10-12)

Crow does not argue that there is a difference between the arguments in his direct appeal and the arguments in Grounds 1, 3, and 4 of his Section 2255 Motion. Instead, Crow argues that a lost tape recording of his proffer would confirm his claim of transactional immunity. (Doc. 11)

The Court agrees that it cannot review these claims. It appears that a fair reading of Grounds 1, 3, and 4 would conclude that they are all based on Crow's argument that he was entitled to transactional immunity. If so, then these claims cannot be reviewed. *See, e.g., United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) If, however, Grounds 1, 3, and 4 are different arguments, they could have been raised on direct appeal. Because they were not, they are procedurally defaulted and so the Court can only review them if Crow can demonstrate cause and prejudice. *See, e.g., United States v. Frady*, 456 U.S. 152, 167-68 (1982). Crow has not argued that he can demonstrate cause and prejudice and the Court sees no grounds for any such argument. Thus, under either analytical thread, the Court cannot review Grounds 1, 3, or 4.

<u>Ineffective Assistance of Counsel</u>. To prevail on his claim of ineffective assistance of trial counsel, Crow would have to show that his attorney's performance was deficient and that he was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984).

Crow argues that his trial counsel "misled" the Court "by telling the Court that Plaintiff's 57 month Ohio Prison sentence had not expired when it expired on 11-30-2011." (Doc. 8 at 6) Attached to Crow's Section 2255 Motion is a September 30, 2011 letter from the Bureau of Prisons which states that he has "a projected release date of November 11, 2011." (Doc. 8 at 17, 21) It appears that Crow based his ineffective assistance of counsel claim on this letter.

The United States argues that this letter must be incorrect and that Crow's counsel accurately represented his incarcerated status to the Court during his Arizona Case sentencing. (Doc. 10 at 13-14) The Court agrees. The Bureau of Prisons letter is the only place in the record that suggests Crow's Ohio Case sentence ended in November 2011. All of the other evidence in the record indicates that Crow's 57 month sentence, which he started in March 2010, did not end less than 22 months later. (Doc. 8 at 18-20) Moreover, even if his counsel was incorrect on this point, Crow has not explained what prejudice he suffered. Accordingly, Crow's counsel was not ineffective at his sentencing.[1]

<u>Motion for Summary Judgment</u>. During the pendency of his Section 2255 Motion, Crow filed a motion for summary judgment where he argues that the United States did not timely respond and, therefore, he is entitled to a default judgment. (Doc. 13) However, the United States timely responded pursuant to the Court's scheduling Order. (Doc. 9) Because this motion is meritless, it should be denied.

**IT IS RECOMMENDED** that Ivory Crow's Second Amended Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 8)

**IT IS FURTHER RECOMMENDED** denying Ivory Crow's Motion for Summary Judgment. (Doc. 13)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28

---

[1] In his reply, Crow adds new ineffective assistance of counsel arguments. (Doc. 12) The Court will not consider arguments raised for the first time in a reply.

- 5 -

U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 1st day of May, 2017.

_____
David K. Duncan
United States Magistrate Judge