UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IVORY CROW, | CASE NO. CV-16-2819-PHX-RJB |
| Petitioner, | CR-11-00285-PHX-RJB |
| v. | |
| UNITED STATES OF AMERICA, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Respondent. | |

This case comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David K. Duncan. Dkt. 15. The Court has considered the Report and Recommendation (Dkt. 15), Petitioner's Response to Magistrate Report and Recommendation and the Objection Supported by the Record (Dkt. 16), and the remaining record.

On August 22, 2016, Petitioner filed this case under 28 U.S.C. § 2255, challenging his September 2013 conviction and 96 month sentence for 48 counts of theft of government funds in violation of 18 U.S.C. § 641 and 48 counts of mail fraud in violation of 18 U.S.C. § 1344. Dkts. 1 and 8. Petitioner claims four grounds for relief. *Id.*

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

On May 1, 2017, a Report and Recommendation was filed, recommending that the Court deny the petition, deny Petitioner's Motion for Summary Judgment, and deny a certificate of appealability. Dkt. 15. The facts are in the Report and Recommendation (Dkt. 15, at 1-3) and are adopted here.

**Claims 1, 2, and 4.** The Report and Recommendation notes that Petitioner's claims 1, 2, and 4 are all predicated on Petitioner's contention that he was entitled to transactional immunity. Dkt. 15. It reports notes that these claims were reviewed by the Ninth Circuit Court of Appeals, and so, recommends this Court find that it does not have jurisdiction to consider them. *Id.* The Report and Recommendation points out that even if these claims have not been considered by the Ninth Circuit, Petitioner has procedurally defaulted on the claims, and unless Petitioner showed cause and prejudice, which he has not, those claims should be dismissed. *Id.*

In his objections, Petitioner again maintains that he was entitled to transactional immunity. Dkt. 16. He fails to address the issue of the Ninth Circuit having already ruled against him on these claims. The Report and Recommendation should be adopted and claims 1, 2, and 4 dismissed because this Court does not have jurisdiction to consider them.

Further, as provided in the Report and Recommendation, to the extent these claims were not raised be for the Ninth Circuit Court of Appeals, the time to do so has lapsed, and Petitioner has not made the required showing that his procedural default should be excused.

With certain exceptions, for example, ineffective assistance of counsel claims, a petitioner may not raise a claim in a Section 2255 motion that he or she failed to raise on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both: (1) cause

excusing his procedural default, and (2) actual prejudice resulting from the claim of error. *United States v. Frady*, 456 U.S. 152, 168 (1982).

Petitioner has failed to make any showing regarding "cause excusing his procedural default." Moreover, while Petitioner asserts that he suffered prejudice because he is serving a longer sentence, he has failed to demonstrate that the errors he identifies actually caused the length of his sentence. Even if claims 1, 2, and 4 were not addressed by the Ninth Circuit, Petitioner is procedurally defaulted from raising them and has failed to show that his default should be excused. These claims should be dismissed.

**Claim 3**. The Report and Recommendation recommends that as to Petitioner's third claim, ineffective assistance of counsel, also be dismissed. Dkt. 15. Petitioner argues that his trial counsel was deficient when she informed the Court that a 57 month sentence, which he began in March of 2010, was set to end later than a Bureau of Prisons letter in the file that indicated his sentence would end on November 30, 2011. Dkt. 8 and 16. In his objections, Petitioner repeatedly states that his counsel "blasphemed the court" and lied. Dkt. 16.

A claim of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that the defense attorney's representation fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court need only consider one of the *Strickland* prongs if it is dispositive. *Strickland,* at 687.

The Report and Recommendation's recommendation regarding claim three should be adopted and Petitioner's claim for ineffective assistance of counsel should be dismissed.

1 Petitioner has not shown that his counsel's "representation fell below an objective standard of
2 reasonableness." *Doe,* at 568. Petitioner has failed to show that his trial counsel was incorrect in
3 her statements to the Court. As provided in the Report and Recommendation, the most likely
4 explanation is that the Bureau of Prisons letter contained a typographical error. His 57 month
5 sentence began in March 2010, that it ended in November 2011 (as Petitioner asserts the letter
6 states), is not logical. Further, even if his counsel failed to give the precise date, Petitioner has
7 not shown that he was prejudiced by her conduct. Claim three should be dismissed.

**Petitioner's Motion for Summary Judgment**. Petitioner filed a motion for summary judgment after the briefing on the Petition was complete. Dkt. 13. As stated in the Report and Recommendation, Petitioner reiterates his prior arguments, which are without merit, and the motion should be denied. Further, Petitioner asserts that the government failed to respond timely. This argument is without merit. The government responded to the Petition in a timely manner and in accord with the case scheduling order.

**Certificate of Appealability**. The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As recommended in the Report and Recommendation, a Certificate of Appealability should not issue in this case. Petitioner has not shown that this court has jurisdiction over claims 1, 2, and 4. He has not made a substantial showing of the denial of a constitutional right as to

claim 3. Reasonable jurists could not debate whether, or agree that, the petition should have been resolved in a different manner; the issues raised are not adequate to deserve encouragement to proceed further; and jurists of reason would not find it debatable whether the court was correct in its rulings. A Certificate of Appealability should be denied.

**IFP on Appeal.** In the event that Plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be revoked by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.* This Court certifies that an appeal, if any, is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

**Future filings**. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the Court.

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 15) **IS ADOPTED**;
- The Petition (Dkt. 8) **IS DENIED**;
- Petitioner's Motion for Summary Judgment (Dkt. 13) **IS DENIED**;
- This case **IS DISMISSED**;
- A Certificate of Appealability **IS DENIED**;
- In the event that Plaintiff appeals this order, and/or appeals dismissal of this case, IFP status **IS REVOKED** by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.* This Court certifies that an appeal, if any, is not taken in good faith. 28 U.S.C. § 1915 (a)(3); and
- Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the Court.

1 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 | to any party appearing pro se at said party's last known address.

Dated this 17th day of May, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 6